

RECEIVED
FEB 12 2024
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHAD MARKS, )
)
Plaintiff, )
) Case: 1:24-cv-00430
v. ) Assigned To : Cobb, Jia M.
) Assign. Date : 2/12/2024
) Description: Pro se Gen. Civ. (F-Deck)
FEDERAL BUREAU OF )
PRISONS, )
)
Defendant. )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.

This action seeks declaratory and injunctive relief for the violation of the First Amendment rights of Chad Marks ('Plaintiff'), who operates a Prison Consultant/Reentry Services Company and sends newsletters to inmates. He is also the author of a book Blood On The Razor Wire that is about Federal Prison. Marks also owns and operates a Youtube Channel Blood On The Razor Wire TV, with over 200 thousand subscribers that reports on prison issues both state/and federal that includes interviewing former Federal Judges, Prisoners, Law Enforcement and Former Wardens, The Federal Bureau of Prisons ('Defendant' or 'BOP') has unlawfully imposed a systemwide block on Plaintiff's email distribution to federal

1

inmates, which constitutes retaliation for what is likely his reporting on the BOP by interviewing a former Associate Warden DJ Whitmore at the Thompson prison on the Youtube channel. In December 2023 Marks interviewed Warden Whitmore he spoke unfavorably on the way things are being done in federal prison and the Union President at USP Thompson.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

3.

Venue is proper in this district under 28 U.S.C. § 1391(b) because the BOP's decision to block the email address freedomfighterspc@gmail.com and freedomfighterspc101@gmail.com originated from the BOP's headquarters in the District of Columbia and affects all of the BOP's institutions nationwide.

## PARTIES

4.

Plaintiff Chad Marks is a paralegal and prison consultant who disseminates legal information to federal inmates through his mail newsletters. The Defendant is the Federal Bureau of Prisons, an agency of the United States responsible for the administration of the federal prison system.

## LEGAL BACKGROUND

5.

The First Amendment to the United States Constitution safeguards the freedom of speech and expression against government encroachment. However, in the context of prisons, the rights of inmates and those who wish to communicate with them are subject to certain restrictions based on legitimate penological interests.

6.

In *Procunier v. Martinez*, 416 U.S. 396 (1974), the Supreme Court established a standard for evaluating censorship of prisoner correspondence. The Court held that a prison regulation impinging on inmates' constitutional rights is valid if it is 'reasonably related to legitimate penological interests.' To determine reasonableness, the restriction must not be an "exaggerated response" to those interests.

7.

The subsequent case of *Turner v. Safley*, 482 U.S. 78 (1987), further elucidated this standard, stating that the regulation must be shown to be valid by satisfying a four-pronged test: (1) there must be a 'valid, rational connection' between the prison regulation and the legitimate governmental interest; (2) whether

there are alternative means of exercising the right; (3) the impact of the accommodation of the asserted constitutional right on guards, other inmates, and prison resources; and (4) the absence of ready alternatives which fully accommodate the prisoner's rights at de minimis cost to valid penological interests.

## FACTUAL ALLEGATIONS

8.

The Plaintiff has been actively engaged in providing information to federal inmates on legal matters, including recent developments with Compassionate Release, Recent Sentencing Commission Changes that went into effect in November 1, 2023, as well as Amendment 821 that also recently took effect on February 1, 2024. In retaliation for this lawful exercise of speech, the BOP has implemented a block on Plaintiff's email distribution without sufficient justification, which is indicative of a pattern of infringing upon the constitutional rights of legal service providers and the inmates they serve.

9.

However, the facts as presented do not indicate that the BOP has provided a sufficient justification for this block. Moreover, the specific retaliatory nature of the block alleged by Marks—if proven—would not pass the 'reasonably related' standard, as retaliation is not a legitimate penological interest. Without a legitimate

4

justification, the action taken by the BOP could be seen as an exaggerated response, thereby failing the standard set by *Procunier*.

10.

Additionally, the block must be narrowly tailored to serve the government interest, which implies that the BOP must demonstrate that no less restrictive alternatives were available. If Marks' email distribution could be restricted in a more targeted manner, or if alternative means of communication that pose less of a security risk could be utilized while allowing Marks to exercise his First Amendment rights, the block may be deemed to not be narrowly tailored.

11.

Finally, the BOP's block's impact on inmates' access to legal information is pertinent, particularly if it hinders their ability to access the courts and legal resources. The Supreme Court in *Turner* emphasized the necessity to consider the availability of alternative means of exercising the constitutional right. In this case, if the email block represents the sole or primary means for inmates to receive legal information from Marks, then it would likely fail this prong of the *Turner* test as well.

## CAUSE OF ACTION

12.

By blocking Plaintiff's email distribution, the Defendant has violated Plaintiff's First Amendment rights. The block is neither justified by a legitimate penological interest nor narrowly tailored. It also fails to leave open alternative means for inmates to access legal information, thereby hindering their legal rights and access to the courts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Chad Marks respectfully requests that the Court:

a. Declare that the BOP's actions in blocking the Plaintiff's email distribution to inmates violate the First Amendment;
b. Issue an injunction ordering the BOP to cease its unlawful block of Plaintiff's mail distribution;
c. Award Plaintiff costs and attorney's fees pursuant to 42 U.S.C. § 1988;
d. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

*[signature]*

Chad Marks